IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. KELLY A. WOODRUFF, M.D. AND ROBERT WILKINSON, M.D., STATE OF HAWAII, ex rel. KELLY A. WOODRUFF, M.D. AND ROBERT WILKINSON, M.D., AND KELLY A. WOODRUFF, M.D. AND ROBERT WILKINSON, M.D. in their own behalf,<br><br>            Plaintiffs,<br><br>   vs.<br><br>HAWAIʻI PACIFIC HEALTH; KAPIʻOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN; AND KAPIʻOLANI MEDICAL SPECIALISTS,<br><br>            Defendants. | CIVIL NO. 05-00521 JMS/LEK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND

I. INTRODUCTION

Defendants Hawaiʻi Pacific Health, Kapiʻolani Medical Center for Women and Children and Kapiʻolani Medical Specialists (collectively "Defendants") have moved the court to dismiss the Complaint filed by Relators Kelley A. Woodruff, M.D. and Robert Wilkinson, M.D. (collectively "Relators")

pursuant to Federal Rule of Civil Procedure Rule 9(b).  A hearing was held on September 25, 2006.  Based on the following, the court GRANTS Defendants' Motion to Dismiss the original Complaint and GRANTS Relators' Motion for Leave to Amend.[1]

## II.  BACKGROUND

Relators Woodruff and Wilkinson, former employees of Defendants, are doctors licensed to practice in Hawaii.  Defendants Kapiʻolani Medical Center for Women and Children ("KMCWC") and Kapiʻolani Medical Specialists ("KMS") are held by parent Hawaiʻi Pacific Health ("HPH").

On August 15, 2005, the Relators filed their qui tam action under seal pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. and the Hawaii False Claims Act, Hawaii Revised Statues ("HRS") § 661-21, et seq.  On May 10, 2006, the United States Attorney's Office for the District of Hawaii filed its Notice of Election to Decline Intervention in the matter.  The Complaint was unsealed by court order on May 10, 2006 and Defendants filed their Motion to Dismiss on June 13, 2006.  On September 8, 2006, Relators filed

---

[1] Because the court grants Relators' Motion for Leave to Amend, the court will address the Defendants' motion as one to dismiss the original Complaint (rather than the Relators' proposed First Amended Complaint).  All references to "Complaint" are to Relators' original complaint filed May 10, 2006.

an opposition to the motion to dismiss, a motion for leave to amend, and a proposed amended complaint.  Defendants did not object to Relators' motion for leave to amend; instead they asked the court to dismiss Relators' proposed amended complaint.

The Complaint alleges that Defendants, providers of health care through the Medicare and Medicaid programs, made false claims for payment and made and used false records in support of their false claims for payment from the programs.  The Complaint contends that Defendants:  (1) violated both federal and state False Claims Acts; and (2) terminated Relators, giving rise to a cause of action under 31 U.S.C. § 3730(h).  Relators seek to recover the maximum amount allowable under the FCA; civil penalties on behalf of the United States and State of Hawaii of not less than $5,000 and not more that $10,000 for each violation plus three times the amount of damages sustained; and costs and attorneys' fees.

Defendants argue that the Complaint should be dismissed because it fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.  Relators, on the other hand, claim that the Complaint identifies with particularity the fraud alleged and that the false claims involved charges connected with procedures performed by unlicensed persons.  Alternatively, Relators ask for leave to amend and attached a proposed First

Amended Complaint to their opposition. The First Amended Complaint incorporates by reference Relators' Disclosure Statement filed with the United States government, which is attached to the proposed amendment. The Disclosure Statement refers to several declarations and exhibits, but these declarations and exhibits are not attached to the Disclosure Statement.

Defendants reply that the proposed First Amended Complaint is still not sufficient under Rule 9(b), and they ask that it be dismissed. Based on the following, the court GRANTS Defendants' Motion to Dismiss the original Complaint and GRANTS Relators' Motion for Leave to Amend.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud." *Decker v. GlenFed, Inc.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc). Plaintiffs must, in their pleading, include the time, place, and nature of the alleged fraud, and "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id.*

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess*

*v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Hydrick v. Hunter*, 449 F.3d 978, 988 (9th Cir. 2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## IV. ANALYSIS

A.   Defendants' Motion to Dismiss is Granted Pursuant to Rule 9(b)

### 1.   The Ninth Circuit standard for Rule 9(b) in FCA cases

It is well settled that "[c]omplaints brought under the False Claims Act must fulfill the requirements of Rule 9(b)." *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001). To this end, claims under the False Claims Act must be specific enough so that each defendant knows of the particular misconduct alleged to constitute fraud, thus enabling him or her to mount a defense. *Id.* at 1051-52. Also, the Ninth Circuit has determined that whistleblowers involved in *qui tam* actions are supposedly privy to the alleged fraud; therefore, the whistleblower should have adequate knowledge to plead matters with sufficient particularity. *See Bly-Magee v. Cal.,* 236 F.3d 1014, 1019 (9th Cir. 2001). Overall, the complaint must identify the circumstances of the

alleged fraud so that defendants can prepare an adequate answer. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

### 2. **Relators' Complaint fails to satisfy Rule 9(b)**

Relators' Complaint does not set forth particularized allegations of the circumstances constituting fraud. The Relators' opposition brief makes the Relators' allegations more clear: the false claims were charges connected with procedures performed by unsupervised and unlicensed nurses, and improperly billed to the government. Relators' Opposition at 3. The actual Complaint, however, does not sufficiently articulate the claims.

The Complaint does not specifically allege when the false claims arose or were submitted, only that they were "occurring fairly continuously from at least 1998 through May 2001." Complaint, ¶26. Relators argue that Defendants can identify the timing of the false claims based on "DF's"[2] appointment schedule, which "could easily be used to identify the claims Defendant KMCWC had submitted to Medicaid and other Government-funded programs to [sic] in connection with unsupervised procedures." Complaint, ¶35. Relators do not

---

[2] The Complaint does not clearly explain who "DF" is, but she appears to be a registered nurse who was supervised by Relators. Complaint, ¶30, 43. The Relators allege that DF was suspended in 2001 and that she kept a diary of procedures she performed. Complaint, ¶¶35, 41, 42.

include in the Complaint any allegations regarding the content of DF's appointment schedule, nor how it relates to the 1998 to 2001 time frame alleged in paragraph 26.

The nature of the alleged fraud is not plead with sufficient particularity. The Complaint alleges that Defendants have "engaged in a pattern and practice of making claims for services, treatment and medications, and submitting requests for payments that failed to satisfy the federally and state-mandated conditions for Medicare/Medicaid participation . . . for the purpose of retaining greater compensation from the Medicare/Medicaid programs than that to which Defendants were legally entitled." Complaint, ¶25. Reading the Complaint, the court can only surmise that the issue may involve the submission of claims for payment in connection with unsupervised procedures. *See* Complaint, ¶40. The nature of these "unsupervised procedures" and how they relate to fraud is far from clear.

The Complaint explains that "Medicaid and other Government-funded programs pay claims for physician services in connection with the invasive procedures when they are performed by a physician or a 'physician extender' under supervision[.]" Complaint, ¶29. And, in an unnumbered heading between paragraphs 26 and 27, Relators state: "SUBMITTING CLAIMS FOR INVASIVE

PROCEDURES PERFORMED BY UNLICENSED, UNSUPERVISED MID-LEVEL PRACTITIONERS[.]"  These allegations are not coherent.

The Complaint mentions "an original unredacted log listing procedures DF performed," and that Relators "had not completed and turned in to Defendants' billing office any charge slips indicating that claims should be made for physician services where DF had performed a procedure unsupervised."  Complaint, ¶¶41, 42.  But the Complaint does not state why these factual allegations are significant or how they relate to the circumstances constituting fraud.

The summary in paragraph 52 pieces together several allegations and is the closest the Complaint comes to providing a cohesive explanation of the circumstances amounting to fraud.  Paragraph 52 alleges:

> Defendants terminated Plaintiffs' respective employment solely because Plaintiffs raised issues with the billing by Defendant KMCWC for facilities, supplies, equipment, pharmacy, diagnostic and other technical components, allied health professions, and, in some cases, for fluoroscopy, pathology, or the administration of anesthetics *in connection with procedures DF performed unsupervised, as such charges may only be billed incident to a physician's services and thus all constituted false claims.*

(Emphasis added.)  Relators do not elaborate on the "procedures DF performed unsupervised" or upon what basis they believe false claims were submitted.

8

The court cannot reasonably discern from the Complaint the misconduct in which Defendants have allegedly engaged. Relators' conclusory allegations of fraud are not adequately detailed on the face of the Complaint. Therefore, the court GRANTS Defendants' Motion to Dismiss.

B.    Relators are Granted Leave to Amend Their Complaint

The Ninth Circuit "consistently [has] held that leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lee*, 245 F.3d at 1052 (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

Relators are given leave to file an amended complaint. The court will not, however, accept the proposed First Amended Complaint. The proposed amendment simply incorporates by reference Relators' Disclosure Statement. The Disclosure Statement refers to several declarations and exhibits, which are not attached to the Disclosure Statement.

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a motion to dismiss. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). However, simply attaching

the 50-page Disclosure Statement -- without the declarations and exhibits upon which the Disclosure Statement relies -- is not acceptable.  This pleading method does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  Relators may file a First Amended Complaint that complies with Rules 8(a) and 9(b) by October 16, 2006.

## V. CONCLUSION

For the foregoing reasons, this court GRANTS Defendants' Motion to Dismiss.  The court also GRANTS the Relators' Motion for Leave to Amend.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 3, 2006.



_____
J. Michael Seabright
United States District Judge

*United States of America ex rel. Woodruff et al.*, Civ. No. 05-00521 JMS/LEK, Order Granting Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for Leave to Amend