IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. KELLY A. WOODRUFF, M.D. AND ROBERT WILKINSON, M.D., ET AL., | ) ) ) ) | CIVIL NO. 05-00521 JMS-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAI`I PACIFIC HEALTH, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFFS'
OBJECTIONS TO DEFENDANTS' BILL OF COSTS**

Defendants Hawai`i Pacific Health, Kapi`olani Medical Center for Women and Children, and Kapi`olani Medical Specialists (collectively "Defendants") filed their Bill of Costs on June 2, 2008. Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is the Objections to Defendants' Bill of Costs ("Objections") filed by Plaintiffs-Relators Kelley A. Woodruff, M.D., and Robert Wilkinson, M.D., (collectively "Plaintiffs") on June 13, 2008. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that

Plaintiffs' Objections should be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district court tax costs against Plaintiffs in the amount of $691.39.

## BACKGROUND

Plaintiffs filed their Second Amended Complaint in the instant *qui tam* action on January 30, 2007,[1] alleging, *inter alia*, violations of the federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*  Plaintiffs alleged that Defendants submitted facially false claims for procedures performed by nurses who either were not licensed to perform them or did not have the required physician supervision.  Defendants allegedly submitted false UB-92 forms for the reimbursement of charges associated with those procedures, as well as false cost reports based on the UB-92 forms.  According to Plaintiffs, codes on the UB-92 forms and cost reports implied that physicians or licensed nurse practitioners with proper physician supervision actually performed the procedures.  Plaintiffs also claimed that Defendants retaliated against them by terminating them or forcing them to resign after they investigated and complained about the improper billing.

On May 2, 2008, final judgement was entered in Defendants' favor pursuant to the district judge's May 2, 2008

---

[1] Plaintiffs filed the original complaint on August 15, 2005.  On May 10, 2006, the United States filed its Notice of Election to Decline Intervention.

Order (1) Granting Plaintiffs' Ex Parte Motion to Strike Exhibit

"Q" to Defendants' Reply, and (2) Granting Defendants' Motion for

Summary Judgment ("5/2/08 Order").

In the instant Bill of Costs, Defendants seek the

taxation of the following costs against Plaintiffs:

| | |
|---|---|
| Fees of the Clerk | $   450.00 |
| Fees of the court reporter | $ 9,550.08 |
| Fees and disbursements for printing | $   68.35 |
| Fees for exemplification and copies | $ 2,272.96 |
| TOTAL | $12,341.39 |

[Bill of Costs at 1.]  Plaintiffs object to the taxation of any

costs because they argue that Defendants have unclean hands.  If

there is to be an award of costs, Plaintiffs object to the

individual requests because they were not reasonably necessary or

because Defendants failed to provide sufficient supporting

information.

## DISCUSSION

### I.  Entitlement to Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure

provides that, "[u]nless a federal statute, these rules, or a

court order provides otherwise, costs--other than attorney's

fees--should be allowed to the prevailing party."  Fed. R. Civ.

P. 54(d)(1).  Final judgement was entered in Defendants' favor

pursuant to the district judge's 5/2/08 Order.  This Court

therefore finds that Defendants are the prevailing party.

While purportedly declining to contest the

applicability of Rule 54(d)(1), Plaintiffs suggest that costs may not be taxable in retaliation actions under 31 U.S.C. § 3730(h). [Objections at 2 ("Plaintiffs will leave the questions of whether Congress intended any costs to be taxable against section 3730(h) whistleblowers for another day.").]  Plaintiffs also note that Defendants conceded that the Ninth Circuit in <u>United States ex rel. Lindenthal v. General Dynamics Corp.</u>, 61 F.3d 1402, 1413 (9th Cir. 1995), "'came to **the narrow conclusion** that, because section 3730(d)(4) does not contain an express provision for "costs," the district court **did not err** in awarding costs under Rule 54 . . .'" [<u>Id.</u> (quoting Mem. in Supp. of Bill of Costs at 6) (emphases and alteration in original).]

Section 3730(d)(4) states:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its <u>reasonable attorneys' fees and expenses</u> if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4) (emphasis added).  In <u>Lindenthal</u>, the Ninth Circuit noted that § 3730(d)(4) does not refer to costs, while § 3720(d)(2) and § 3730(g) do.  This indicates that, under the FCA, costs are a distinct category from expenses.  Section 3730(d)(4)'s reference to "reasonable attorneys' fees and expenses" therefore does not constitute an express provision regarding costs that would displace an award of costs pursuant to

4

Rule 54(d)(1).  <u>See</u> <u>Lindenthal</u>, 61 F.3d at 1413-14.  Thus, in the

present case, to the extent that Defendants prevailed in a *qui*

*tam* proceeding in which the government declined to intervene,

§ 3730(d)(4) does not preclude an award of taxable costs pursuant

to Rule 54(d)(1).

Plaintiffs' retaliation claim, however, is governed by

31 U.S.C. § 3730(h).[2]  In contrast to § 3730(d)(4), § 3730(h)

states, in pertinent part:

> Any employee who is discharged, demoted,
> suspended, threatened, harassed, or in any other
> manner discriminated against in the terms and
> conditions of employment by his or her employer
> because of lawful acts done by the employee on
> behalf of the employee or others in furtherance of
> an action under this section, including
> investigation for, initiation of, testimony for,
> or assistance in an action filed or to be filed
> under this section, shall be entitled to all
> relief necessary to make the employee whole.  Such
> relief shall include . . . compensation for any
> special damages sustained as a result of the
> discrimination, including <u>litigation costs and
> reasonable attorneys' fees</u>.

§ 3730(h) (emphasis added).  At least one court has held that the

term "litigation costs" in § 3730(h) "sounds like a reference to

ordinary costs; that's what the list in § 1920 defines."  <u>Neal v.

Honeywell, Inc.</u>, 191 F.3d 827, 834 (7th Cir. 1999) (citation

omitted).  The Seventh Circuit in <u>Neal</u> held that the district

court erred in awarding costs under § 3730(h) which were beyond

---

[2] In the 5/2/08 Order, the district judge granted summary
judgment in favor of Defendants on the retaliation claim because
it was barred by the two-year statute of limitations.

the categories enumerated in § 1920.  <u>See</u> <u>id.</u>  Thus, based on

<u>Neal</u>, one could argue that the § 3730(h) reference to "litigation

costs" is an express provision regarding costs that would

displace an award of costs pursuant to Rule 54(d)(1).  Insofar as

§ 3730(h) only allows for litigation costs to a prevailing

plaintiff, a prevailing defendant arguably would not be able to

recover costs.  The Seventh Circuit, however, has also held that

it was not an abuse of discretion to tax costs against a

plaintiff when the defendant prevailed in a FCA action involving

*qui tam* claims and a retaliation claim.  <u>See</u> <u>Luckey v. Baxter</u>

<u>Healthcare Corp.</u>, 183 F.3d 730, 733-34 (7th Cir. 1999).  This

Court was not able to find any other cases addressing whether

costs were available to a prevailing defendant pursuant to Rule

54(d)(1) in a retaliation action under the FCA.  Thus, it appears

to be an open question whether § 3730(h) precludes a Rule

54(d)(1) award of costs to a prevailing defendant.  This Court,

however, finds that it is not necessary to resolve this issue in

the instant case because Plaintiffs' *qui tam* claims dominated

this action and Defendants are clearly eligible for a Rule

54(d)(1) award of costs under <u>Lindenthal</u>.

## II.  <u>Calculation of Costs</u>

A district court may exercise discretion in allowing or

disallowing reimbursement of the costs of litigation, but it may

not tax costs beyond those enumerated in 28 U.S.C. § 1920.  <u>See</u>

6

<u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42

(1987), <u>superseded on other grounds</u>, 42 U.S.C. § 1988(c).

"Courts, however, are free to construe the meaning and scope of

the items enumerated as taxable costs in § 1920." <u>Frederick v.

City of Portland</u>, 162 F.R.D. 139, 142 (D. Or. 1995) (citing

<u>Alflex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175, 177 (9th

Cir. 1990) (per curiam)).  Section 1920 enumerates the following

costs:

> 1. Fees of the clerk and marshal;
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> 3. Fees and disbursements for printing and witnesses;
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
> 5. Docket fees under section 1923 of this title;
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

**A.    <u>Unclean Hands</u>**

Plaintiffs first argue that Defendants' request for

costs should be denied in its entirety because Defendants have

unclean hands.  Plaintiffs argue that Defendants' various

discovery abuses and other dilatory tactics "caused Plaintiffs to

incur far more substantial costs than Defendants are claiming . .

. ." [Objections at 1 (emphasis omitted).]

The Ninth Circuit has given the following guidance

7

regarding when a court may deny costs:

> We have previously approved as appropriate reasons
> for denying costs: (1) a losing party's limited
> financial resources; (2) misconduct by the
> prevailing party; and (3) "the chilling effect of
> imposing . . . high costs on future civil rights
> litigants." [Ass'n of Mexican-American Educators
> v. California, 231 F.3d 572, 592 (9th Cir. 2000)
> (en banc).]  In addition, we noted with approval
> in Mexican-American Educators that other circuits
> have held that the following factors are
> appropriate: (1) the issues in the case were close
> and difficult; (2) the prevailing party's recovery
> was nominal or partial; (3) the losing party
> litigated in good faith; and, perhaps, (4) the
> case presented a landmark issue of national
> importance.  Id. at 592 n.15.

Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016,

1022 (9th Cir. 2003) (some citations omitted) (some alterations

in original).  Where the party opposing an award of costs alleges

misconduct, he bears the burden of establishing "some impropriety

on the part of the prevailing party that would justify a denial

of costs."  Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470,

1472 (9th Cir. 1995) (citations omitted), overruled in part by

Ass'n of Mexican-American Educators v. California, 231 F.3d 572

(9th Cir. 2000).[3]  The court can deny costs if "the prevailing

party is guilty of some fault, misconduct, or default worthy of

punishment."  Nat'l Info. Servs., 51 F.3d at 1472 (citing Delta

Air Lines, Inc. v. Colbert, 692 F.2d 489, 490 (7th Cir. 1982));

---

[3] Mexican-American Educators overruled National Information
Services only to the extent that National Information Services
held that misconduct was the only basis for denying taxable costs
under Rule 54(d).  See 231 F.3d 572, 593 (9th Cir. 2000).

see also Colbert, 692 F.2d at 490 (citing Popeil Bros., Inc. v. Schick Electric, Inc., 516 F.2d 772, 775-76 (7th Cir. 1975)). This includes "bad faith or the deliberate adoption of a course of business dealings calculated to render litigation pertaining thereto unnecessarily prolix and expensive" through tactics such as "calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record, or by delaying in raising objection fatal to the plaintiff's case." Popeil Brothers, 516 F.2d at 775 (citation and block quote format omitted).

        Plaintiffs point to their protracted efforts to obtain the UB-92s from Defendants in discovery.  In the Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Defendants' Compliance with Plaintiffs' Discovery Requests, filed January 23, 2008 ("1/23/08 Order"), this Court noted that, prior to the August 1, 2007 discovery conference, Defendant denied that they possessed any UB-92s.  At that discovery conference, Defendants' counsel, Harry Silver, Esq., represented that the microfilm records of the UB-92s were stored with an off-site, third party vendor.  At the August 30, 2007 discovery conference, however, Mr. Silver admitted that Defendants possessed the microfiche records.  Further, deposition testimony revealed that Defendants had the microfiche records in their main office all along.  Plaintiffs argue that this is evidence that Defendants did not conduct diligent investigation before responding to

9

Plaintiffs' discovery requests or before making representations about their discovery responses to this Court.  Plaintiffs argue that this impeded the progress of the case and forced them to incur unnecessary costs.

Plaintiffs also note that Defendants refused to produce documents for the claims from the neonatal intensive care unit ("NICU") on the ground that Plaintiffs' claims regarding NICU procedures were only based on information and belief.  The 1/23/08 Order, however, ordered Defendants to produce NICU UB-92s for the relevant time period.  Plaintiffs assert that Defendants' refusal to produce NICU records forced them to depose the Department of Human Services in order to obtain information about NICU claims.  Plaintiffs also argue that Defendants' refusal to produce the NICU records prejudiced them because Plaintiffs were forced to depose NICU witnesses without the benefit of the records.

Finally, Plaintiffs note that the 1/23/08 Order recognized that Defendants' refusal to respond to Plaintiffs First Request for Answers to Interrogatories forced Plaintiffs to obtain the answers through the depositions of Colbert Seto and Dean Tateyama.  [Objections at 7-8 (citing 1/23/08 Order at 10).]

This Court finds that, although the circumstances surrounding Defendants' "location" of the UB-92 records are suspicious, Plaintiffs have not established that Defendants'

conduct warrants the denial of all costs.  Similarly, although this Court rejected Defendants' position regarding the disclosure of the NICU UB-92s, there is no evidence that Defendants took that position in bad faith or in an attempt to intentionally prolong the litigation.  The 1/23/08 Order denied Plaintiffs' request for attorney's fees and costs incurred in connection with the motion to compel, finding that Defendants "had an arguable, although ultimately erroneous, basis for withholding the discovery" that this Court ordered them to produce.  [1/23/08 Order at 22.]  Finally, while Defendants' production of two witnesses for deposition in answer to Plaintiffs' interrogatories may have been costly and inefficient, it does not warrant denying Defendants' request for taxable costs in its entirety.

This Court therefore RECOMMENDS that Plaintiffs' objections to the taxation of costs based on Defendants' unclean hands be DENIED.

### B.   **Fees of the Clerk**

Defendants request $225.00 for Mr. Silver's pro hac vice filing fee and $225.00 for Susan Baldwin Hendrix's pro hac vice filing fee.  Plaintiffs argue that these fees are not taxable because Defendants have not established that it was reasonable or necessary for Defendants to have mainland counsel when their local counsel could have performed the same services. Further, Plaintiffs argue that Ms. Hendrix never appeared before

the district court in this case.

        Courts differ with regard to the taxation of pro hac vice fees.  Compare Beck v. Prupis, 162 F.3d 1090, 1100 (11th Cir. 1998) (holding that it was not an abuse of discretion to deny taxation of pro hac vice fees); Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997) (finding that pro hac vice fees are not taxable because they do not meet the requirements of 28 U.S.C. § 1914); with Semmaterials, L.P. v. Alliance Asphalt, Inc., CV 05-320-S-LMB, 2007 WL 676675, at *3 (D. Idaho March 1, 2007) (directing taxation of pro hac vice application fee); Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp. 2d 1065, 1077 (D. Kan. 2005) (allowing taxation of pro hac vice application fee for lead counsel but taking other pro hac vice application fees under advisement pending further briefing). In Berry v. Hawaiian Express Service, Inc., et at., this Court found that Defendant Guidance Software, Inc.'s $450.00 in pro hac vice fees was taxable as fees of the clerk.  See CV 03-00385 SOM-LEK, Report of Special Master on Defendants Guidance Software, Inc. and Michael Gurzi's Motion for Award of Attorneys' Fees and Costs and Defendants C&S Logistics of Hawai`i, LLC, C&S Wholesale Grocers, Inc., C&S Acquisitions LLC, ES3, LLC, and Richard Cohen's Motion for Award of Attorneys' Fees and Full Costs, filed

October 25, 2006 (dkt. no. 1012), at 44.[4]   This Court therefore finds that pro hac vice filing fees are taxable as fees of the clerk, to the extent that they are reasonably and necessarily incurred.

Mr. Silver served as lead counsel in this case and this Court finds that his pro hac vice fee was reasonably and necessarily incurred.   In contrast, Ms. Hendrix's role in this case was limited.   Out of the many proceedings before this Court and the district judge, Ms. Hendrix apparently only participated in two: a January 15, 2008 status conference in which she appeared by phone with Mr. Silver; and a March 17, 2008 hearing on Defendants' Motion for Summary Judgment, in which she appeared with Mr. Silver.   She also submitted declarations in support of the following filings:  Defendants' November 16, 2007 Concise Statement in support of their Motion for Summary Judgment; Defendants' December 21, 2007 Memorandum in Opposition to Plaintiffs' First Motion to Compel Discovery; Defendants' March 21, 2008 Memorandum in Opposition to Plaintiffs' Motion to Strike Exhibit "Q" [to Defendants' Reply in Support of Motion for Summary Judgment]; and Defendants' May 16, 2008 Motion for Attorney Fees and Expenses.   It appears to this Court that

---

[4] The district judge's March 2, 2007 Order Adopting and Modifying the October 25, 2006, and December 4, 2006, Reports of Special Master on the Parties' Motions for Attorneys' Fees and Costs adopted this recommendation.

Ms. Hendrix did not perform any work that Mr. Silver could not have done.  Further, there is nothing to indicate that Ms. Hendrix could not have assisted Mr. Silver without admission pro hac vice, as five other attorneys from their law firm did. [Defs.' Supporting Documentation in Connection with Motion for Attorneys' Fees & Expenses, filed May 23, 2008 (dkt. no. 289), at 3.]  This Court therefore finds that Ms. Hendrix's pro hac vice application was not necessary in this case and therefore her application fee is not taxable.  This Court RECOMMENDS that Plaintiffs' Objections be GRANTED IN PART AND DENIED IN PART as to Defendants' request for taxation of the fees of the clerk.

### C.   **Fees of the Court Reporter**

Section 1920(2) provides for the taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  Defendants request $9,550.08 for court reporter fees for the following depositions:

| | | |
|---|---|---|
| 10/3/07 | Dean Tateyama | $   473.98 |
| 10/5/07 | Colbert Seto | $   719.15 |
| 11/8/07 | Depositions upon written interrogatories of MedQuest | $    48.12 |
| 1/21/08 | Robert Wilkinson, M.D. (vol. 1) (Rough ASCII e-mailed) | $   628.90 |
| 2/4/08 | Michelle Zippay, R.N. (3-day expedited transcript) | $   618.95 |
| 2/6/08 | Mavis Nikaido, R.N., Pamela | $1,274.14 |

|  |  |  |
|---|---|---|
|  | Courtney, R.N.<br>(2-day expedited transcript) |  |
| 2/8/08 | Jaime Wheeler<br>(Rough ASCII e-mailed) | $ 609.69 |
| 2/20/08 | Glenn Sueyoshi, Debbie Hiraoka<br>(Expedited transcript) | $1,517.84 |
| 2/21/08 | Patrick Brennan, Richard Banner<br>(Expedited transcript) | $ 704.90 |
| 2/22/08 | Randy Taniguchi, R.N.<br>(Daily transcript) | $ 679.73 |
| 2/22/08 | Martha Smith<br>(Daily transcript) | $ 264.92 |
| 2/25/08 | Reuben Shimazu<br>(Daily transcript) | $ 439.03 |
| 2/29/08 | Sandra Nakandakare - 30(b)(6)<br>& Louise Fukumoto - 30(b)(6)<br>(Expedited transcript) | $ 771.15 |
| 4/19/08 | Robert Wilkinson, M.D. (Vol. 2)<br>(Real time deposition) | $ 333.19 |
| 5/2/08 | Kelley Woodruff, M.D. | $ 466.39 |
|  | **Total:** | **$9,550.08** |

[Bill of Costs, Itemization of Bill of Costs ("Itemization") at

1-2; Exhs. A-1 to A-15.]

Local Rule LR54.2(f)2. provides:

The cost of a stenographic and/or video original
and one copy of any deposition transcript
<u>necessarily obtained for use in the case</u> is
allowable.  A deposition need not be introduced in
evidence or used at trial, so long as, at the time
it was taken, it could <u>reasonably be expected that
the deposition would be used for trial
preparation, rather than mere discovery</u>.  The
expenses of counsel for attending depositions are
not allowable.

Local Rule LR54.2(f)2. (emphases added).  This standard was not expressly addressed.  Defendants' counsel states only that the requested costs "are correctly stated; were necessarily incurred in this action; are allowable by law; and the services for which fees have been charged were actually and necessarily performed." [Bill of Costs, Decl. of Kenneth S. Robbins at ¶ 4.]  It is unclear whether Defendants' general statement that all costs "are allowable by law" is meant to be a representation that Defendants' deposition transcripts were reasonably expected to be used for trial preparation.  This Court declines to make such an assumption.

Based on this Court's knowledge of the case, this Court finds that the deposition transcripts of Plaintiffs and nurses Zippay, Nikaido, Courtney, and Taniguichi were reasonably expected to be used for trial preparation.  With the exception of Dr. Woodruff's deposition, however, the invoice of for each deposition transcript reflects that there was some sort of expedited service associated with the transcript.  The transcript of Dr. Wilkinson's first deposition was emailed to counsel and his second deposition had a real time transcript.  Zippay's deposition had a three-day expedited transcript.  Nikaido's and Courtney's depositions had two-day expedited transcripts. Finally, Taniguichi's deposition had daily transcripts. Expedited copies are only taxable if, for example, they were

16

"necessary because the transcript was essential for questioning in other depositions to follow[.]"   See United States v. Davis, 87 F. Supp. 2d 82, 90 (D.R.I. 2000).

Defendants have not established that any of these deposition transcripts were needed on an expedited basis.  Thus, although the costs of the deposition transcripts themselves are taxable, any additional costs for the expedited services are not. The Court is unable to determine how much of each invoice is attributable to expedited fees.  This Court, however, will allow Defendants to submit supplemental declarations and/or documents justifying their costs.  Defendants advisably should exclude any expedited fees unless they can establish that the expedited services were necessary under the terms of Local Rule 54.2(f)2.

The Court FINDS that $466.39 for Dr. Woodruff's deposition is taxable and RECOMMENDS that this request be GRANTED.

This Court does not have sufficient information to determine whether or not the deposition costs for Dean Tateyama, Colbert Seto, MedQuest, Jaime Wheeler, Glenn Sueyoshi, Debbie Hiraoka, Patrick Brennan, Richard Banner, Martha Smith, Reuben Shimazu, Sandra Nakandakare, and Louise Fukumoto are taxable.  The Court, however, will allow Defendants to submit further declarations and/or supporting documentation justifying their costs as to these depositions.  If Defendants resubmit

these requests, they should specifically address the requirements of Local Rule 54.2(f)2.  Defendants should also address Plaintiffs' argument that the depositions of Dean Tateyama and Colbert Seto were for discovery purposes because Defendants produced them for deposition in lieu of responding to Plaintiffs' interrogatories.  It is advised that Defendants also exclude any portion of the deposition costs attributable to expedited services, unless Defendants can establish that the expedited services were necessary under the terms of Local Rule 54.2(f)2.

      C.   **<u>Disbursements for Printing</u>**

      Section 1920(3) provides for the taxation of the "[f]ees and disbursements for printing[.]"  28 U.S.C. § 1920(3). Defendants request $68.35 for printing fees consisting of the following:

| | | |
|---|---|---|
| 2/5/08 | Legislative Reference Bureau Library (Research copies) | $ 1.35 |
| 2/28/08 | State of Hawaii, DCCA (Copies of Nursing Minutes) | $ 6.25 |
| 2/28/08 | State Archives (Research copies) | $49.00 |
| 2/29/08 | State of Hawaii, DCCA (HAR 1997 proposed & adopted rules) | <u>$11.75</u> |
| | **Total** | **$68.35** |

[Itemization at 2; Exhs. B-1 to B-4 to Bill of Costs.] Plaintiffs argue that the cost of obtaining records is not taxable under § 1920(3).  [Objections at 13 (citing <u>Charboneau v. Severn Trent Labs., Inc.</u>, No. 5:04-CV-116, 2006 WL 897131 (W.D. Mich. Apr. 6, 2006)).]  Based on Defendants' descriptions of

18

these costs, however, this Court finds that they may be taxable under § 1920(4).  See Charboneau, 2006 WL 897131, at *2 (finding that $50 charge to obtain the plaintiff's employment records was taxable under § 1920(4)).  This Court will therefore consider Defendants' printing costs with Defendants' request for copying costs.

    D.   **Fees for Copies**

        Section 1920(4) allows for taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case[.]"  In addition,  Local Rule 54.2(f)4. provides:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

In addition to the printing expenses discussed, *supra*, Defendants request a total of $2,2272.96 in copying expenses.  Included in Defendants' request is $936.10 for in-house copying at $0.10 per page.  Defendants included a list of each document copied with the date the copies were made and the number of pages copied. [Exh. C-1 to Bill of Costs.]  The remainder of Defendants' request is for commercial copying and Defendants provided an invoice for each item.  [Exhs. C-2 to C-20 to Bill of Costs.]

19

Defendants also identified the documents copied for each invoice. [Itemization at 2-3.]

Local Rule 54.2(f)4. requires that taxable copies be necessarily obtained for use in the case.  Further, the copies cannot be for the use and/or convenience of the parties or their counsel.  Defendants did not expressly address this standard. Defendants' counsel states only that the requested costs "are correctly stated; were necessarily incurred in this action; are allowable by law; and the services for which fees have been charged were actually and necessarily performed."  [Bill of Costs, Decl. of Kenneth S. Robbins at ¶ 4.]  It is unclear whether Defendants' general statement that all costs "are allowable by law" is meant to be a representation that the copies made were not for the use or convenience of Defendants or their counsel.  This Court declines to make such an assumption.

The Court notes that there are a number of items that might have been for the use or convenience of Defendants or their counsel.  For example, Defendants' in-house copying includes a number of documents filed by Plaintiffs.  Defendants' commercial copying invoices include a number of invoices involving electronic documents with a variety of charges, like burning and labeling CDs and converting documents to pdf format.  The Court is aware that this case involved significant discovery of electronically stored documents.  This Court, however, cannot

20

just assume that all of Defendants' expenses for the handling of electronic documents were necessary and were not for Defendants' and defense counsel's convenience.   There is, therefore, not enough information to assess the reasonableness of Defendants' request for copying costs.   The Court, however, will allow Defendants to submit further declarations and/or supporting documentation justifying their copying costs.   If Defendants should chose to refile these requests, it is advised that they should specifically address the requirements of Local Rule 54.2(f)4.

     **E.   Summary of Taxable Costs**

     Defendants have established that the following costs are taxable:

| | |
|---|---|
| Mr. Silver's pro hac vice application fee | $225.00 |
| Deposition costs Dr. Woodruff | <u>$466.39</u> |
| **Total** | **$691.39** |

At this time, the Court is unable to assess the reasonableness of the remainder of Defendants' costs.

<u>**CONCLUSION**</u>

     In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Objections to Defendants Bill of Costs, filed on June 13, 2008, be GRANTED IN PART AND DENIED IN PART.   The Court FINDS and RECOMMENDS that Defendants' request for costs should be GRANTED IN PART AND DENIED IN PART.   The Court RECOMMENDS that the district judge tax

costs against Plaintiffs in the amount of $691.39.

          In addition, the Court GRANTS Defendants leave to file supplemental documentation in support of the cost requests discussed herein by **December 19, 2008**.  Plaintiffs may file a response to Defendants' supplemental documentation by **December 29, 2008**.  The Court will issue an amendment to this Report thereafter.  The Court cautions Defendants that, if the issues identified in this Report are not fully addressed, the Court may recommend that the district judge deny their requests with prejudice.

          IT IS SO FOUND AND RECOMMENDED.

          DATED AT HONOLULU, HAWAII, December 5, 2008.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**UNITED STATES OF AMERICA ex rel KELLY WOODRUFF, M.D., ET AL. V. HAWAII PACIFIC HEALTH, ET AL.;** CIVIL NO 05-00521 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS