IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. KELLY A. WOODRUFF, M.D. AND ROBERT WILKINSON, M.D., ET AL., | ) ) ) ) | CIVIL NO. 05-00521 JMS-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAI`I PACIFIC HEALTH, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**AMENDMENT TO REPORT OF SPECIAL MASTER ON
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS**

On December 5, 2008, this Court filed its Report of
Special Master on Plaintiffs' Objections to Defendants' Bill of
Costs ("Report").  This Court recommended that the district judge
award Defendants Hawai`i Pacific Health, Kapi`olani Medical
Center for Women and Children, and Kapi`olani Medical Specialists
(collectively "Defendants") $691.39 in costs for defense counsel
Harry Silver's pro hac vice filing fee and the court reporter
fees for the deposition transcript of Plaintiff-Relator Kelley A.
Woodruff, M.D.  The Court also found that Defendants had not
submitted sufficient information about their other deposition
costs and their printing and copying costs.  The Report gave
Defendants leave to submit further documentation and cautioned
Defendants that, if they failed to fully respond to the issues

identified in the Report, this Court would recommend that the district judge deny the request for costs with prejudice.

On December 19, 2008, Defendants submitted their Supplement in Support of Bill of Costs in Response to the Report ("Supplement"), with supporting documents. Plaintiffs-Relators Kelley A. Woodruff, M.D., and Robert Wilkinson, M.D., (collectively "Plaintiffs") filed their response to the Supplement on December 29, 2008. After careful consideration of Defendants' Supplement, Plaintiffs' response, and the relevant legal authority, this Court hereby AMENDS the Report and RECOMMENDS that Defendants' request for costs be GRANTED IN PART AND DENIED IN PART and that the district judge award Defendants costs in the amount of $7,081.86, in addition to the amount recommended in the Report.

## DISCUSSION

As the prevailing party, Defendants are entitled to taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

## I.   Fees of the Clerk

In the Report, this Court found that defense counsel Susan Baldwin Hendrix's pro hac vice filing fee was not taxable because she had a limited role in the case, did not do anything that Mr. Silver could not have done, and could have assisted Mr. Silver without applying for admission pro hac vice. [Report

2

at 13-14.]  In the Supplement, Defendants state that Ms. Hendrix "was responsible for much of Defendants' written submissions in this case and participated extensively in the discovery process. Defendants fully expected Ms. Hendrix to participate in the trial."  [Supplement, Decl. of Kenneth S. Robbins ("Robbins Decl.") at ¶ 6.]  The Report, however, did not give Defendants leave to submit additional documentation in support of their request for taxation of Ms. Hendrix's pro hac vic filing fee.  To the extent that Defendants now argue that Ms. Hendrix's pro hac vic filing fee should have been taxed, Defendants should have raised this argument to the district judge as an objection to the Report.

## II.  **Fees of the Court Reporter**

In their Bill of Costs, Defendants requested $9,550.08 for court reporter fees for the following depositions:

| | | |
|---|---|---|
| 10/3/07 | Dean Tateyama | $   473.98 |
| 10/5/07 | Colbert Seto | $   719.15 |
| 11/8/07 | Depositions upon written interrogatories of MedQuest | $    48.12 |
| 1/21/08 | Robert Wilkinson, M.D. (vol. 1) (Rough ASCII e-mailed) | $   628.90 |
| 2/4/08 | Michelle Zippay, R.N. (3-day expedited transcript) | $   618.95 |
| 2/6/08 | Mavis Nikaido, R.N., Pamela Courtney, R.N. (2-day expedited transcript) | $1,274.14 |
| 2/8/08 | Jaime Wheeler | $   609.69 |

3

```
                    (Rough ASCII e-mailed)

2/20/08    Glenn Sueyoshi, Debbie Hiraoka      $1,517.84
           (Expedited transcript)

2/21/08    Patrick Brennan, Richard Banner     $  704.90
           (Expedited transcript)

2/22/08    Randy Taniguchi, R.N.               $  679.73
           (Daily transcript)

2/22/08    Martha Smith                        $  264.92
           (Daily transcript)

2/25/08    Reuben Shimazu                      $  439.03
           (Daily transcript)

2/29/08    Sandra Nakandakare - 30(b)(6)       $  771.15
            & Louise Fukumoto - 30(b)(6)
           (Expedited transcript)

4/19/08    Robert Wilkinson, M.D. (Vol. 2)     $  333.19
           (Real time deposition)

5/2/08     Kelley Woodruff, M.D.               $  466.39
                                   Total:      $9,550.08
```

[Bill of Costs, Itemization of Bill of Costs ("Itemization") at 1-2; Exhs. A-1 to A-15.]

In the Report, this Court found that Defendants' costs for Dr. Woodruff's deposition were taxable. This Court also found that the depositions of Dr. Wilkinson and nurses Zippay, Nikaido, Courtney, and Taniguchi were reasonably expected to be used for trial preparation and were therefore taxable. This Court, however, found that Defendants did not establish that the fees for the expedited services associated with these deposition transcripts were necessary under the terms of Local Rule 54.2(f)2. Finally, the Report stated that this Court did not

4

have sufficient information to determine whether or not the deposition costs for Dean Tateyama, Colbert Seto, MedQuest, Jaime Wheeler, Glenn Sueyoshi, Debbie Hiraoka, Patrick Brennan, Richard Banner, Martha Smith, Reuben Shimazu, Sandra Nakandakare, and Louise Fukumoto are taxable.

In the Supplement, Defendants argue that all of the requested deposition transcripts were reasonably expected to be used for trial preparation, rather than mere discovery.  See Local Rule LR54.2(f)2.  Defendants also argue that the expedited fees were reasonable and necessary to comply with upcoming filing deadlines associated with Defendants' Motion for Summary Judgment.

### A.   Dean Tateyama and Colbert Seto

The Report specifically instructed Defendants to "address Plaintiffs' argument that the depositions of Dean Tateyama and Colbert Seto were for discovery purposes because Defendants produced them for deposition in lieu of responding to Plaintiffs' interrogatories." [Report at 18.]  The Supplement argues that, while Tateyama's and Seto's depositions may have been taken in part for discovery, they were also for trial preparation.  Mr. Tateyama testified about Defendants' cost reports and Mr. Seto testified about Defendants' information technology systems and the procedures for preparing UB-92 forms. Defendants argue that these topics were central to the case.

5

Further, Defendants note that Plaintiffs' April 29, 2008 Pretrial
Statement identified Mr. Tateyama and Mr. Seto as liability
witnesses and Defendants identified Mr. Seto as a witness in
their pretrial statement.  Defendants therefore argue that their
depositions were for trial preparation purposes.

        With regard to Mr. Tateyama, Defendants produced him
for deposition in lieu of responding to Plaintiffs'
interrogatories.  The interrogatories encompassed an array of
information, both vast and complex.  Thus, providing Mr. Tateyama
for deposition streamlined the discovery process and provided
information necessary for trial preparation.  Further, the fact
that Plaintiffs identified him as a liability witness in April
2008 lends support for Defendants' argument that his deposition
was reasonably expected to be used for trial preparation.  This
Court therefore finds that the costs of Mr. Tateyama's deposition
transcript is taxable.

        The Supplement states that Plaintiffs' interrogatories
about the technical preparation of UB-92 forms were "extensive
and confusing" and that the parties agreed that a deposition of
Mr. Seto would be more efficient.  [Supplement at 9.]  Although
Plaintiffs argue that Mr. Seto's deposition transcript is not
taxable, they did not address Defendants' representation about
the parties' agreement to depose Mr. Seto in lieu of the
interrogatories.  Based on this Court's knowledge of the case,

Defendants' representation in the Supplement, and the fact that Defendants anticipated calling Mr. Seto as a trial witness, this Court finds that Mr. Seto's deposition transcript was reasonably expected to be used for trial preparation.  The costs of his deposition transcript are therefore taxable.

This Court notes that, as to all of the depositions, Plaintiffs contest the taxation of various fees included in the court reporters' invoices, such as fees for copies of exhibits introduced at the depositions, scanning, and disk versions of the deposition transcripts.  This Court finds that, with the exception of the fees for expedited services, all of the service fees charged by the court reporters in this case were reasonable and necessarily incurred in this case.  Further, these fees are common in the legal community.

This Court therefore RECOMMENDS that the district judge GRANT Defendants' request for the costs of Dean Tateyama's and Colbert Seto's deposition transcripts.

**B.   MedQuest**

Defendants argue that, at the time of Plaintiffs' deposition on written interrogatories of MedQuest, it was reasonably expected that the deposition would be for trial preparation because Plaintiffs' counsel advised MedQuest's counsel that any delays in the deposition would "substantially impact upon [Plaintiffs'] trial preparation."  [Exh. C to

7

Supplement (letter dated Oct. 4, 2007 from Rafael G. del Castillo, Esq., to Lee-Ann N.M. Brewer, Esq.).]  This statement does not necessarily mean that the MedQuest deposition was for trial preparation.  Plaintiffs' counsel could have meant that any delay in this discovery deposition would ultimately delay other types of trial preparation.  Defendants also state that they reasonably expected that the MedQuest deposition would be used for trial preparation, as evidenced by the fact that Plaintiffs used the deposition testimony in their opposition to Defendants' Motion for Summary Judgment.  The fact that Plaintiffs used the deposition in a February 2008 memorandum in opposition does not establish that in November 2007 it was reasonably expected that the deposition would be for trial preparation.

This Court finds that Defendants have not established that the costs of the transcripts for the MedQuest deposition are taxable.  The Court therefore RECOMMENDS that the district judge DENY Defendants' request for the court reporter fees associated with Defendants' copy of the MedQuest deposition.

**C.    Dr. Wilkinson**

Defendants noticed Dr. Wilkinson's deposition and he was deposed on January 21, 2008 and April 19, 2008.  Defendants request $628.90 for the January deposition and $333.19 for the April deposition.  Both requests include fees for expedited services.  This Court has already found that these depositions

8

were reasonably expected to be for trial preparation.  Defendants now seek to establish that the expedited fees were reasonably necessary.

Defendants argue that "because of the briefing schedule associated with Defendants' Motion for Summary Judgment, the expedited and associated fees for those depositions taken in February, 2008 were both reasonable and necessary."  [Supplement at 2.]  The hearing on Defendants' Motion for Summary Judgment was held on March 17, 2008 and Plaintiffs' opposition was due on February 28, 2008.  Defendants' reply was due on March 6, 2008. Defendants state that Ralph Rosenberg Court Reporters, Inc. recorded each of the depositions in this case and the customary delivery time for their deposition transcripts is fourteen calendar days or ten business days from the completion of the deposition.

Insofar as Dr. Wilkinson's first deposition was held on January 21, 2008, Defendants have not established that expedited transcripts were reasonably necessary to enable them incorporate his deposition into their reply for the Motion for Summary Judgment.  Similarly, insofar as Dr. Wilkinson's April 2008 deposition was after the hearing on the Motion for Summary Judgment, Defendants have offered no justification for the expedited fees associated with that deposition.  This Court therefore finds that the expedited fees for both depositions are

9

not taxable.

The Supplement states that the total cost of Dr. Wilkinson's two deposition transcripts and one copy each, exclusive of any expedited fees, is $761.68 with tax. [Supplement at 5.] The cost of the January deposition was $498.22 and the cost of the April deposition was $263.46. [Exh. A to Supplement.] Plaintiffs argue that Defendants have not sufficiently established what portion of the requested charges are attributable to expedited fees. The Court disagrees. The invoice for the January transcript states that the charge was $5.10 per page where the rough ASCII transcript was emailed the day of the deposition. [Exh. B to Supplement at B-02.] The invoice for the April transcript states that the charge was $5.60 per page for a realtime deposition. [Id. at B-15.] Defendants submitted a memorandum from Ralph Rosenberg Court Reporters, Inc., which stated that the standard charge for a noticed deposition is $3.80 per page. [Id. at B-01.] In calculating the cost of the deposition without expedited fees, Defendants used the standard $3.80 per page rate. [Exh. A to Supplement.] This Court therefore finds that Defendants have adequately established the taxable portion of the deposition costs.

This Court RECOMMENDS that Defendants' request for Dr. Wilkinson's deposition costs be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the district judge award

10

Defendants $761.68 for Dr. Wilkinson's two depositions.

D.   **Michelle Zippay**

Plaintiffs noticed Ms. Zippay's deposition and she was deposed on February 4, 2008.  Defendants request $618.95 for her deposition, including fees for expedited services.  This Court has already found that her deposition was reasonably expected to be for trial preparation.  Defendants argue that the expedited fees were reasonably necessary to comply with the deadlines for the Motion for Summary Judgment.

Ms. Zippay was deposed on February 4, 2008.  The standard delivery time would have been approximately two weeks later, around February 18 or 19.  Defendants' reply was not due until March 6.  The contents of the deposition transcript should not have been a surprise to Defendants' counsel.  Defendants' counsel could have reasonably expected that they might need the transcripts in case they wished to quote her testimony in their reply.  Standard delivery would have been adequate for that purpose.  This Court therefore finds that the expedited fees for her deposition are not taxable.  The cost of Ms. Zippay's deposition transcript, without expedited fees, was $423.09. [Exh. A to Supplement.]

This Court RECOMMENDS that Defendants' request for Ms. Zippay's deposition costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award

11

Defendants $423.09 for Ms. Zippay's deposition.

**E.   Mavis Nikaido and Pamela Courtney**

Plaintiffs noticed Ms. Nikaido's and Ms. Courtney's depositions and they were deposed on February 6, 2008. Defendants request $1,274.14 for their depositions, including fees for expedited services.  This Court has already found that their depositions were reasonably expected to be for trial preparation.  Defendants argue that the expedited fees were reasonably necessary to comply with the deadlines for the Motion for Summary Judgment.  For the reasons stated in section II.D., *supra*, this Court finds that the expedited fees for their depositions are not taxable.  The cost of Ms. Nikaido's and Ms. Courtney's deposition transcripts, without expedited fees, was $754.24.  [Exh. A to Supplement.]

This Court RECOMMENDS that Defendants' request for Ms. Nikaido's and Ms. Courtney's deposition costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Defendants $754.24 for their depositions.

**F.   Jaime Wheeler**

Plaintiffs noticed Ms. Wheeler's deposition and she was deposed on February 8, 2008.  Defendants request $609.69 for her deposition, including fees for expedited services.  Defendants argue that her deposition was reasonably expected to be for trial preparation and not for mere discovery.  Defendants point to the

fact that Plaintiffs: attached an exhibit from Ms. Wheeler's deposition as an exhibit to their February 28, 2008 Concise Statement in Opposition to Defendants' Motion for Summary Judgment; and listed Ms. Wheeler as a liability witness in their April 29, 2008 Pretrial Statement.  This Court finds that Defendants have failed to establish that, at the time of Ms. Wheeler's deposition, it could be reasonably expected that Defendants would need a copy of Ms. Wheeler's deposition transcript for trial preparation.

This Court therefore RECOMMENDS that Defendants' request for Ms. Wheeler's deposition costs be DENIED.

### G.   **Glenn Sueyoshi and Debbie Hiraoka**

Plaintiffs noticed Mr. Sueyoshi's and Ms. Hiraoka's depositions and they were deposed on February 20, 2008. Defendants request $1,517.84 for their depositions, including fees for expedited services.  Defendants argue that their depositions were reasonably expected to be for trial preparation and not for mere discovery.

Mr. Sueyoshi was Defendants' expert witness regarding the history, purpose, and meaning of the cost reports. Defendants identified him as an expert witness in their April 29, 2008 Pretrial Statement.  This Court therefore finds that, at the time of Mr. Sueyoshi's deposition, Defendants reasonably expected that his deposition would be used for trial preparation and not

13

for mere discovery.  The underlying costs of Mr. Sueyoshi's deposition transcript are therefore taxable.

Ms. Hiraoka was Defendants' expert witness regarding the purpose of the UB-92 forms, the interpretation and meaning of the fields therein, and the difference between the UB-92 form and the HCFA 1500 form.  Defendants identified her as an expert witness in their April 29, 2008 Pretrial Statement.  This Court therefore finds that, at the time of Ms. Hiraoka's deposition, Defendants reasonably expected that her deposition would be used for trial preparation and not for mere discovery.  The underlying costs of Ms. Hiraoka's deposition transcript are therefore taxable.

Defendants argue that the expedited fees associated with Mr. Sueyoshi's and Ms. Hiraoka's deposition transcripts were reasonably necessary to comply with the deadlines for the Motion for Summary Judgment.  The standard two-week delivery time for the transcript of the February 20, 2008 depositions would not have allowed Defendants to incorporate the transcripts into their reply, if necessary.  This Court therefore finds that, at the time of Mr. Sueyoshi's and Ms. Hiraoka's depositions, it was reasonably necessary for Defendants to order expedited transcripts.

This Court therefore RECOMMENDS that Defendants' request for Mr. Sueyoshi's and Ms. Hiraoka's deposition costs be

14

GRANTED IN FULL.

     **H.**    **Patrick Brennan and Richard Banner**

         Plaintiffs noticed the deposition of AlohaCare's Federal Rule of Civil Procedure 30(b)(6) representative. AlohaCare identified Patrick Brennan and Richard Banner as their representatives and they were deposed on February 21, 2008. Defendants argue that, at the time of their depositions, it could reasonably be expected that their depositions would be for trial preparation.  Defendants point to the fact that both Plaintiffs' opposition to Defendants' Motion for Summary Judgment and Defendants' reply thereto relied upon Mr. Brennan's deposition. Plaintiffs also used portions of Mr. Banner's deposition transcript in their opposition.  Defendants also listed both Mr. Brennan and Mr. Banner as witnesses in their Pretrial Statement.  Based primarily on the fact that Defendants intended to call both witnesses at trial, this Court finds that, at the time of Mr. Brennan's and Mr. Banner's depositions, Defendants reasonably expected that their depositions would be used for trial preparation and not for mere discovery.  The underlying costs of their deposition transcript are therefore taxable.

         Defendants argue that the expedited fees associated with their deposition transcripts were reasonably necessary to comply with the deadlines for the Motion for Summary Judgment. The standard two-week delivery time for the transcript of the

February 21, 2008 depositions would not have allowed Defendants
to incorporate the transcripts into their reply, if necessary.
Although Defendants ultimately used only one of the two
deposition transcripts in their reply, at the time of the
deposition, they could have reasonably expected that they would
need both.  This Court therefore finds that, at the time of
Mr. Brennan's and Mr. Banner's depositions, it was reasonably
necessary for Defendants to order expedited transcripts.

This Court therefore RECOMMENDS that Defendants'
request for Mr. Brennan's and Mr. Banner's deposition costs be
GRANTED IN FULL.

## I.    **Randy Taniguchi**

Plaintiffs noticed Mr. Taniguchi's deposition and he
was deposed on February 22, 2008.  Defendants request $679.73 for
his deposition, including fees for expedited services.  This
Court has already found that his deposition was reasonably
expected to be for trial preparation.  Defendants argue that the
expedited fees were reasonably necessary to comply with the
deadlines for the Motion for Summary Judgment.  The standard two-
week delivery time for the deposition transcript would not have
allowed Defendants to incorporate the deposition transcript into
their reply, if necessary.  This Court therefore finds that at
the time of Mr. Taniguchi's deposition, it was reasonably
necessary for Defendants to order an expedited transcript.

16

This Court therefore RECOMMENDS that Defendants'
request for Mr. Taniguchi's deposition costs be GRANTED IN FULL.

**J.   Martha Smith**

Martha Smith is on of Defendants' officers.   Plaintiffs
noticed her deposition and she was deposed on February 22, 2008.
Defendants request $264.92 for the costs of her deposition
transcript, including expedited fees.   Defendants argue that, at
the time of her deposition, it was reasonably expected that her
deposition would be for trial preparation.   Defendants
anticipated that Plaintiffs would attempt to use Ms. Smith's
deposition transcripts to impeach her at trial.   Defendants
therefore ordered her transcript to prepare for trial and to try
to mitigate any damage that Plaintiffs might try to inflict
during impeachment.   Defendants note that Plaintiffs listed
Ms. Smith as a liability witness in their Pretrial Statement.
This Court finds that, at the time of Ms. Smith's deposition,
Defendants reasonably expected that her deposition would be used
for trial preparation and not for mere discovery.   The underlying
costs of her deposition transcript are therefore taxable.

Defendants' only justification for their request for
expedited transcripts is the deadlines associated with their
Motion for Summary Judgment.   To the extent that Defendants state
that they needed Ms. Smith's deposition transcript to prepare for
trial and in anticipation of any impeachment during trial,

17

Defendants have not establish that the expedited transcript of Ms. Smith's deposition was reasonably necessary.  This Court therefore finds that the expedited fees associated with Ms. Smith's deposition transcript are not taxable.  The cost of Ms. Smith's deposition transcript, excluding any expedited fees, was $143.46.  [Exh. A to Supplement.]

This Court RECOMMENDS that Defendants' request for Ms. Smith's deposition costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Defendants $143.46 for her deposition.

**K.   <u>Reuben Shimazu</u>**

Plaintiffs noticed the deposition of MedQuest's Rule 30(b)(6) representative.  MedQuest identified Reuben Shimazu as its representative and he was deposed on February 25, 2008. Defendants argue that, at the time of his deposition, it could reasonably be expected that his deposition would be for trial preparation.  Defendants point to the fact that both Plaintiffs' opposition to Defendants' Motion for Summary Judgment and Defendants' reply thereto relied upon Mr. Shimazu's deposition. This Court finds that, at the time of Mr. Shimazu's deposition, Defendants reasonably expected that his deposition would be used for trial preparation and not for mere discovery.  The underlying costs of his deposition transcript are therefore taxable.

Defendants argue that the expedited fees associated

18

with his deposition transcript were reasonably necessary to comply with the deadlines for the Motion for Summary Judgment. The standard two-week delivery time for the transcript of the February 25, 2008 deposition would not have allowed Defendants to incorporate the transcripts into their reply, if necessary.  This Court therefore finds that, at the time of Mr. Shimazu's deposition, it was reasonably necessary for Defendants to order an expedited transcript.

This Court therefore RECOMMENDS that Defendants' request for Mr. Shimazu's deposition costs be GRANTED IN FULL.

**L.    <u>Sandra Nakandakare and Louise Fukumoto</u>**

Defendants apparently designated Sandra Nakandakare and Louise Fukumoto as their Rule 30(b)(6) representatives in response to Plaintiffs' notice.  They were deposed on February 29, 2008.  Ms. Nakandakare is in charge of coding and she testified, *inter alia*, about how coders are trained and what the procedures are for coding inpatient claims.  Defendants argue that these issues were central to Plaintiffs' claims in this case, as evidenced by the fact that both Plaintiffs and Defendants identified her as a liability witness in their Pretrial Statements.  This Court therefore finds that, at the time of Ms. Nakandakare's deposition, Defendants reasonably expected that her deposition would be for trial preparation and not for mere discovery.  The underlying costs of her deposition

19

transcript are therefore taxable.

Ms. Fukumoto testified about the accounting aspects of the allocation of costs.  Defendants argue that, because Plaintiffs' claims focused on coding, billing, cost reports, and the allocation of costs, her testimony was reasonably expected to be for trial preparation.  In addition, both Plaintiffs and Defendants identified her as a liability witness in their Pretrial Statements.  This Court therefore finds that, at the time of Ms. Fukumoto's deposition, Defendants reasonably expected that her deposition would be for trial preparation and not for mere discovery.  The underlying costs of her deposition transcript are therefore taxable.

Defendants' only justification for their request for expedited transcripts is the deadlines associated with their Motion for Summary Judgment.  Defendants have not explained why they needed the transcripts of Ms. Nakandakare's and Ms. Fukumoto's depositions for the Motion for Summary Judgment. Thus, they have not established that the expedited transcripts of Ms. Nakandakare's and Ms. Fukumoto's depositions were reasonably necessary.  This Court therefore finds that the expedited fees associated with their deposition transcripts are not taxable. The cost of Ms. Nakandakare's and Ms. Fukumoto's deposition transcripts, excluding any expedited fees, was $464.76.  [Exh. A to Supplement.]

This Court RECOMMENDS that Defendants' request for Ms. Nakandakare's and Ms. Fukumoto's deposition costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Defendants $464.76 for their depositions.

## III. <u>Printing and Copying Costs</u>

In the Report, this Court found that Defendants' Bill of Costs did not contain enough information to determine whether Defendants' printing and copying costs were taxable.  This Court gave Defendants leave to submit supplemental documentation and expressly warned Defendants that, if they failed to fully address the issues raised in the Report, this Court would recommend that the district judge deny Defendants' request with prejudice.  The Supplement does not include any further information about Defendants' request for printing and copying costs.  This Court therefore RECOMMENDS that Defendants' request for taxation of printing and copying costs be DENIED WITH PREJUDICE.

## IV. <u>Summary of Taxable Costs</u>

Defendants have established that the following deposition costs are taxable:

| | | |
|---|---|---|
| 10/3/07 | Dean Tateyama | $ 473.98 |
| 10/5/07 | Colbert Seto | $ 719.15 |
| 1/21/08 & 4/19/08 | Robert Wilkinson, M.D. (2 vols.) no expedited services | $ 761.68 |
| 2/4/08 | Michelle Zippay, R.N. no expedited services | $ 423.09 |

21

| 2/6/08 | Mavis Nikaido, R.N., Pamela Courtney, R.N.<br>no expedited services | $  754.24 |
|--------|------|------|
| 2/20/08 | Glenn Sueyoshi, Debbie Hiraoka (Expedited transcript) | $1,517.84 |
| 2/21/08 | Patrick Brennan, Richard Banner (Expedited transcript) | $  704.90 |
| 2/22/08 | Randy Taniguchi, R.N. (Daily transcript) | $  679.73 |
| 2/22/08 | Martha Smith<br>no expedited services | $  143.46 |
| 2/25/08 | Reuben Shimazu (Daily transcript) | $  439.03 |
| 2/29/08 | Sandra Nakandakare - 30(b)(6) & Louise Fukumoto - 30(b)(6)<br>no expedited services | $  464.76 |

**Total:    $7,081.86**

## CONCLUSION

On the basis of the foregoing, this Court hereby AMENDS its Report of Special Master on Plaintiffs' Objections to Defendants' Bill of Costs, filed December 5, 2008, as follows: the Court RECOMMENDS that Plaintiffs' Objections to Defendants Bill of Costs, filed on June 13, 2008, be GRANTED IN PART AND DENIED IN PART.  The Court FINDS and RECOMMENDS that Defendants' request for costs should be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that, in addition to the costs recommended in the Report, the district judge tax costs against Plaintiffs in the amount of $7,081.86.

IT IS SO FOUND AND RECOMMENDED.

22

DATED AT HONOLULU, HAWAII, January 21, 2009.



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States Magistrate Judge

**UNITED STATES EX REL. WOODRUFF, ET AL. V. HAWAII PACIFIC HEALTH, ET AL**; CV 05-00521 JMS-LEK; AMENDMENT TO REPORT OF SPECIAL MASTER ON PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS